NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 3 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GEORGE PARDO,

　　　　　　　Petitioner-Appellant,

　v.

STUART SHERMAN, Warden,

　　　　　　　Respondent-Appellee.

No.　16-55571

D.C. No. 5:09-CV-01527-CJC-JC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac Carney, District Judge, Presiding

Argued and Submitted April 11, 2018
Pasadena, California

Before:  BEA and MURGUIA, Circuit Judges, and MOLLOY,[**] District Judge.

California state prisoner George Pardo appeals from the district court's

judgment denying his 28 U.S.C. § 2254 petition.  We have jurisdiction pursuant to

28 U.S.C. § 2253, and we affirm.

We review *de novo* the district court's decision to grant or deny a petition for

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

a writ of habeas corpus. *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), habeas relief may not be granted "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). In cases where there is no reasoned state court decision, as here, we must determine "what arguments or theories…could have supported[] the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

We certified two issues for appeal: (1) whether trial counsel rendered ineffective assistance by failing to investigate and call certain possible defense witnesses, and (2) whether Pardo's statements to police were admitted in violation of his Fifth Amendment rights as interpreted by *Miranda v. Arizona*, 384 U.S. 436 (1966). Pardo fails to "show[] there was no reasonable basis for the state court to deny relief." *Richter*, 562 U.S. at 98.

1. Pardo argues that trial counsel was ineffective for failing to investigate and call certain witnesses who would have 1) presented evidence of an alternative suspect; 2) cast doubt on the veracity of Jane Doe's mother's testimony; and 3)

2

demonstrated that Jane Doe's mother was neglectful of Jane Doe. Pardo "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "When § 2254(d) applies, [however,] the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

Pardo's trial counsel was not ineffective for failing to pursue "every conceivable line of . . . evidence." *Wiggins v. Smith*, 539 U.S. 510, 533 (2003). First, Pardo does not explain why trial counsel should have been aware of the proffered fact witnesses. Trial counsel was presented with an incident and timeline in which none of the proffered fact witnesses, nor the alleged alternative suspect, appeared. Further, even if Pardo had been aware of the possible other-suspect evidence, it would have been reasonable for his trial counsel to decline to present it. The other-suspect evidence Pardo now proffers suggests that Jane Doe was injured some time before the events of October 21. However, the primary evidence in the case indicated Jane Doe was uninjured the morning of October 21, Pardo himself told police that he did not observe any injuries on Jane Doe that day, and Pardo testified at trial that he did not notice anything unusual when he changed Jane Doe. There is therefore a reasonable argument that counsel acted "within the wide range of reasonable professional assistance" when he focused his inquiries on what may

have happened to Jane Doe *after* she left Pardo's care. *See Strickland*, 466 U.S. at 689, 691 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions."). The emergency room doctor's failure to observe Jane Doe's injuries does not make the state court's determination that trial counsel was effective unreasonable.

Additionally, the record shows that counsel was aware that the mother previously punched out a window while holding Jane Doe and lied about living with Jane Doe's father. The jury heard evidence that Jane Doe's mother had failed a drug test, for over a week did not notice that Jane Doe had broken her collarbone, and for a period of time Jane Doe was removed from her care by Child Protective Services. Counsel's decision not to present further evidence as to the mother's shortcomings is due strategic deference. *Strickland*, 466 U.S. at 690.

Pardo also argues that his trial counsel should have engaged an independent medical expert to testify that teething may have been the cause of Jane Doe's bloody mouth. Even assuming that there is no reasonable basis for counsel's failure to investigate an independent medical opinion as to this issue, *see Weeden v. Johnson,* 854 F.3d 1063, 1070 (9th Cir. 2017), Pardo cannot show prejudice. Bleeding caused by teething would not explain the extent of Jane Doe's injuries, which included bruising and swelling of her lip and injuries to her genitals. Pardo does not suggest

that his counsel erred when counsel failed to proffer an alternate expert to explain Jane Doe's injuries to her genitals.

2. Pardo claims that his statements to police were admitted in violation of his Fifth Amendment rights because he was "in custody" and the police did not provide him with a *Miranda* warning. However, a *Miranda* warning is required only if a person is in custody, and Pardo was not in custody at the time of his police interview. The test for whether someone is in custody is an objective one based on the circumstances of the interrogation. *Yarborough v. Alvarado*, 541 U.S. 652, 667, 669 (2004). Pardo came to the police station voluntarily; prior to the interview he was told that he could leave at any time; the interview was under an hour long; the interview transcript indicates that the interview was not aggressive or coercive; and Pardo was driven home and released at the interview's conclusion. The totality of the circumstances therefore indicates that Pardo was not in custody when he made statements to police. *United States v. Bassignani*, 575 F.3d 879, 883–84 (9th Cir. 2009). Pardo's reliance on his subjective interpretation of the situation is unpersuasive. *Yarborough*, 541 U.S. at 662–63.

**AFFIRMED.**

5